UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Jared Belliel<br>4192 Forest Creek Ct.<br>Kentwood, MI  49512<br><br>        Plaintiff,<br><br>v.<br><br>Audubon Financial Bureau, LLC<br>c/o The Corporation Company, RA<br>30600 Telegraph Road STE 2345<br>Bingham Farms, MI 48025<br><br>        Defendant. | Case No.<br><br><br><br>COMPLAINT FOR DAMAGES<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF<br><br><br>JURY DEMAND ENDORSED HEREIN |

## PARTIES

1. Plaintiff, Jared Belliel, ("Jared"), is a natural person who resided in Kentwood, Michigan, at all times relevant to this action.

2. Defendant, Audubon Financial Bureau, LLC, ("AFB"), is a Delaware Limited Liability Company that maintained its principal place of business in Amherst, New York, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**STATEMENT OF FACTS**

5. At all times relevant to this action, AFB collected consumer debts.

6. AFB regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of AFB's revenue is debt collection.

8. AFB is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described, *infra*, AFB contacted Jared to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. Jared is a "consumer" as defined by 15 U.S.C. §1692a(3).

12. On or around June 10, 2013, AFB began contacting Jared in connection with the collection of a debt.

13. During this communication, AFB threatened to garnish Jared's wages.

14. During this communication, AFB threatened Jared by telling Jared he would have to deal with the fraud court division for nonpayment of the debt.

15. AFB invented the "fraud court division" as it does not exist.

16. During this communication, AFB put Jared on hold and when the AFB representative returned to the phone, it told Jared the attorney agreed to settle the account for $200.

17. On information and belief the AFB representative never spoke to an attorney.

18. AFB has not garnished nor has the ability nor ever had the ability to garnish Jared's wages.

19. Jared has not received any court notifications.

20. On one occasion, AFB left a voice message on Jared's personal telephone indicating they were calling from the fraud division of AFB and the paperwork was signed and would be sent to the court to file a civil judgment to be followed by garnishment of Jared's wages.

21. This voicemail stated Jared would be served within 72 hours.

22. AFB has not filed a judgment against Jared nor has he been served.

23. AFB never intended to file a judgment against Jared.

24. On or around June 20, 2013, AFB contacted Jared again in connection with the collection of a debt.

25. During this communication, Jared notified AFB that he had retained attorneys to represent him for bankruptcy and to help Jared deal with the stress AFB was causing.

26. In response, AFB aggressively told Jared it was already too late because AFB had already filed a federal lawsuit.

27. AFB has not filed a lawsuit against Jared.

28. AFB never intended nor has the ability to file a lawsuit.

29. AFB is not a law firm.

30. Despite being on notice that Jared had retained attorneys, AFB called Jared twice on June 25, 2013, and on both occasions immediately hung up on him.

31. AFB caused Jared severe emotional distress.

32. AFB attempted to collect a debt from Jared.

33. AFB violated the FDCPA.

## COUNT ONE

**Violation of the Fair Debt Collection Practices Act**

34. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

35. Defendant violated 15 U.S.C. §1692c(a)(2) by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt.

## COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

36. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

37. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

**Violation of the Fair Debt Collection Practices Act**

38. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

39. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FOUR

**Violation of the Fair Debt Collection Practices Act**

40. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

41. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

42. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

43. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By:   s/ Jeffrey S. Hyslip
One of Plaintiff's Attorneys

Date: July 3, 2013

Jeffrey S. Hyslip, Esq.
Hyslip & Taylor, LLC LPA
917 W. 18th St., Suite 200
Chicago, IL  60608
312-380-6230
jeffrey@lifetimedebtsolutions.com